[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case arises out of an incident at a dance hall known as Club 2001 in Newington, Connecticut. On October 9, 1997, the defendant, Giuseppe Rinaldi, got into an altercation with one CT Page 2088 Argirios Halkias on the dance floor at approximately 11:30 P.M.
Giuseppe admittedly punched Halkias in the nose. Donato Rinaldi (Giuseppe's brother) quickly also became involved also allegedly striking Halkias.
John Lowe testified that he was near the people fighting and, as he started to look for a security person (commonly referred to as a "bouncer") Giuseppe punched him in the forehead. (Giuseppe denies hitting anyone other than Halkias).
Lowe then testified that someone unknown grabbed him from behind and pulled him backward to the concrete floor striking the back of his head on the floor. Further, that as he attempted to get up he was struck in his left ear by an unknown person.
Several bouncers were immediately at the scene and they took the involved parties outside where the Newington police had come to the scene. The fight was very brief-estimates range from thirty seconds to two or three minutes.
Halkias was bleeding from his nose and mouth and reportedly sustained a broken nose. While the police officer was talking to Halkias, Lowe came forward and stated that Giuseppe (who was being detained by the police) had struck him in the head.
Lowe was taken by ambulance to the Hartford Hospital. He complained of dizziness, a ringing in his ear and pain in the back of his head. The hospital report indicates a 3 centimeter hematoma in the occipital area along with cervical and lumbar strain. He was discharged from the E. R. with instructions for Motrin and ice as needed.
Meanwhile, both Rinaldi brothers were arrested, Giuseppe was charged with two counts of assault 3rd degree and breach of peace. Donato was charged with one count of assault 3rd degree and breach of peace. Giuseppe testified that he pleaded guilty to one count of assault, 3rd degree in connection with hitting Halkias.
The foregoing is a summary of the factual situation. Other facts will be discussed as appropriate. Lowe filed a five count complaint.
The first count (as to Donato and Giuseppe) alleges, inter CT Page 2089 alia, the Rinaldis' were intoxicated, and assaulted Lowe.
The plaintiff is not pursuing his claim against Donato stating that he has been discharged in bankruptcy. In any event, there was no evidence as to what, if anything, Donato did to Lowe. Lowe knew only that Giuseppe punched him in the left forehead and does not know who pulled him down striking his head, or who punched him in the ear.
As to Donato, the complaint is dismissed.
The Court finds, by the requisite standard of proof in civil cases, that Giuseppe struck Lowe in the left forehead causing a 3 cm. hematoma. Lowe was sure of his identification and immediately identified Giuseppe to the police. Therefore, in the first count, the Court finds for the plaintiff against Giuseppe Rinaldi.
The second count is against Valetta Brown, the permittee, alleging that Club 2001 served alcohol to the Rinaldis', while intoxicated.
There was no evidence to support this charge. Giuseppe, who was under 21 at the time and, in fact, is 20 years old now, and Craig Brown, the manager of Club 2001, testified that customers are carded at the door, those 21 or older are given a wrist bracelet which is needed to get into the bar area (and checked by security at that point). Giuseppe testified without contradiction that he had not been drinking and was not served by the club.
As to the second count, judgment for the defendant.
The third count goes to the Lance Corporation, the backer and owner of Club 2001 and makes the same allegations as the second count. For the same reasons judgment for the defendant in the third count.
The fourth and fifth count as to Valetta Brown, permittee and the Lance Corporation, owner, respectively, allege they served alcohol to intoxicated patrons (which, as found earlier, was not proven) and that they failed to provide adequate protection for the plaintiff. There were approximately 100 people on the dance floor that night and the club usually has about ten security people per night posted at various duty stations. While the manager was not on duty on October 9, 1997, and cannot say with certainty how many security staff were there, it is clear that CT Page 2090 several "bouncers" were quickly at the scene — perhaps as many as five. In short, the plaintiff has not shown a deviation from the reasonable care required of an owner to an invitee.
Therefore as to the fourth and fifth counts judgment for the defendants.
As to the first count the Court awards damages (against Giuseppe Rinaldi), as follows:
 Economic Damages None Non-Economic Damages $600
Total $600
Economic damages are not awarded because the evidence is that medical expenses incurred were attributable to injuries sustained from unknown assailants and not Giuseppe. The only injury attributable to Giuseppe was the small hematoma to his forehead. It seems unlikely that Lowe would have required ambulance service or emergency treatment for that injury. Rather the reasons for such treatment were the blow to the back of his head from hitting the concrete floor and the injury to his ear. Since no economic damages are attributable to this award, the collateral source provisions of Connecticut General Statutes § 52-22a are not applicable.
Judgment shall enter for the plaintiff against Giuseppe Rinaldi in the amount of $600 plus costs in count one. As to all other counts and defendants judgment shall enter for the defendants.
Klaczak, J. CT Page 2091